910 A.2d 630 (2006)
389 N.J. Super. 15
Donald M. TRETOLA, Plaintiff-Appellant,
v.
Jane K. TRETOLA, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Argued October 17, 2006.
Decided November 28, 2006.
Irene S. Clopton, Trenton, argued the cause for appellant (Felsenfeld & Clopton, attorneys; Ms. Clopton, on the brief).
Michael J. Sprague argued the cause for respondent (Cillick & Sprague, attorneys; Mr. Sprague, on the brief).
Before Judges COBURN, AXELRAD & R.B. COLEMAN.
The opinion of the court was delivered by
AXELRAD, J.T.C. (temporarily assigned).
Plaintiff Donald Tretola appeals from the Family Part's November 7, 2005 order denying his request to emancipate his son and requiring a contribution towards his son's college expenses. At issue in this appeal are the rights of the non-custodial parent to information and modification of his support and educational obligations for the parties' son, who is both employed and attending college full time. We reverse and remand for discovery and a plenary hearing.
The parties have two children, Donald, born September 1, 1981, and Daniel, born September 12, 1986. A dual judgment of divorce was entered on October 10, 1996, *631 incorporating the terms of a property settlement agreement (PSA). The PSA provides for defendant to be the custodial parent and for plaintiff to pay child support for the minor children until they are emancipated, as defined by the parties as follows:
With respect to a child, an Emancipation Event shall occur or be deemed to have occurred upon the earliest happening of any of the following:
(i) Reaching the age of 18 years or the completion of post-secondary education, whichever last occurs.

(ii) Marriage . . . ;
(iii) Permanent residence away from the residence of the Wife;
(iv) Death of the Child;
(v) Entry into the armed forces . . . ;
(vi) Engaging in full-time employment, or the ability to engage in full-time employment, upon and after the attaining by the child of 18 years of age, except and provided that (1) engaging by the child in partial employment shall not be deemed an Emancipation Event; and (2) engaging by the child in full-time employment during vacation and summer periods while enrolled in school shall not be deemed an Emancipation Event.

[Emphasis added.]
The PSA further provides that if the child is a full-time matriculated student enrolled in a minimum of ten credits per semester, the parties will proportionally share the educational cost after their son has exhausted all financial aid, scholarships and tuition assistance.
Daniel, the parties' younger son, graduated from high school in June 2004, and turned eighteen in September. According to defendant's certification, Daniel was admitted to Rutgers University, but chose to attend Bergen County Community College with the intention of later transferring to a four-year college. Daniel attended community college full-time from September 2004 through May 2005, completing his freshman year. During the summer of 2005, Daniel began working thirty-five hours per week at the Bergen County Surrogate's Office, and continued that schedule during his sophomore year. Thus, for each of the fall 2005 and spring 2006 semesters, Daniel worked at the office full-time during the day and, according to defendant, attended twelve credits of classes at Bergen County Community College in the evenings.
In October 2005, plaintiff filed a motion to emancipate Daniel and terminate his $180 per week child support obligation as of Daniel's date of full-time employment in July 2005. Defendant opposed the motion, arguing Daniel was a full-time student, and regardless of his employment status, he was thus not emancipated under the terms of the PSA. She also filed a cross motion seeking plaintiff's contribution towards Daniel's past and future college expenses and a $7,500 car that she had purchased for him. Defendant further sought an order requiring the parties to exchange their financial information as required by the PSA. In his responding certification, plaintiff noted the absence of any documentation of Daniel's courses for the fall semester or disclosure of his salary from the Surrogate's office. Plaintiff further claimed he had never been informed of the amount of Daniel's educational expenses, nor had defendant ever demanded such contribution from him prior to the filing of the cross motion.
On the papers, the Family Part judge set forth the parties' positions and denied plaintiff's request to emancipate his son, based on the following findings:
Although he worked full time during the summer, the son works presently *632 only part time, less than 40 hours a week, approximately 35. . . .
. . . .
I find that the son is a full-time student, and I find that he is entitled to support.
The property settlement agreement shall bind the parties as an arm's length negotiated contract. Absent evidence of fraud or any other legal excuse, it's unambiguous on its face and must be applied. (citation omitted).
Here, the parties did negotiate, discuss, and bargain for the emancipation date of the children at the time of the divorce. They expressed a clear intent to emancipate the children only once they've completed college or were working full time and not attending college.
The court further ordered the parties to proportionally split Daniel's college expenses, plaintiff to reimburse defendant $2413.09 for Daniel's educational expenses through the fall of 2005, and directed the exchange of financial information by January 31, 2006. Defendant's request for reimbursement of car expenses was denied. The findings were memorialized in an order of November 7, 2005, which plaintiff has appealed.
On appeal, plaintiff contends the trial court erred in failing to: (1) require any documentation of Daniel's courses, scholarships and financial aid, and salary; (2) schedule oral argument or conduct a plenary hearing; and (3) make the requisite findings in support of its determination. Although the PSA provided the child not be deemed emancipated if he were pursuing a post-secondary education, it also provided he would be emancipated if he were engaged in full-time employment. Thus, according to plaintiff, the court was required to consider the total hours Daniel was enrolled in school, the cost of the school, his needs, and his earnings prior to concluding that Daniel should not be emancipated and that plaintiff should contribute to his college expenses. Plaintiff alternatively argues that if emancipation was not warranted, the trial court should have considered Daniel's full-time employment and income as a "changed circumstance" warranting the recalculation of child support.
We agree with many of the arguments advanced by plaintiff. Plaintiff correctly points out that the record before the Family Part judge is devoid of any documentation of the amount of Daniel's college credits for the fall 2005 semester; paystubs or any statement of his hours worked and earnings from the Surrogate's office; or scholarships and financial aid available, applied for and received. Even accepting defendant's certification that Daniel was a full-time student, we disagree with her that the parties' PSA was so clear on its face that the court could determine, as a matter of law, that solely based on that status Daniel should not be emancipated.
In view of his monetary obligation for his son, plaintiff was entitled to confirmation as to the number of credits Daniel was taking at college, particularly when he learned his son was working full time. He was also entitled to disclosure and documentation of his son's earnings, not as defendant urges, "to penalize his son for being ambitious and a hard worker," but so he, and the court, could assess whether his son was still dependent on his family for support. See Filippone v. Lee, 304 N.J.Super. 301, 308, 700 A.2d 384 (App. Div.1997) (noting the essential inquiry of emancipation is whether the child has moved "beyond the sphere of influence and responsibility exercised by a parent and obtains independent status of his or her own."). In a perfect world plaintiff could have gotten this information from his son, but absent that, such obligation falls on *633 defendant, as the custodial parent receiving the child support, to provide the information.
Plaintiff's counsel's notice of motion "reserve[d] the right" to request oral argument "in the event timely opposition is filed." Opposition and a cross-motion were filed. Plaintiff filed a responsive certification but never requested oral argument. He cannot now complain on appeal about being wrongfully denied something he never requested.
Regardless, the Family Part judge failed to recognize there were material facts in dispute and evidence beyond the motion papers necessary for resolution of the matter that could not be resolved without a plenary hearing. Fusco v. Fusco, 186 N.J.Super. 321, 329, 452 A.2d 681 (App. Div.1982) ("[I]f the proper disposition of a matrimonial dispute requires a plenary hearing, the dispute is by definition not subject to disposition on the papers, with or without oral argument."); see also Harrington v. Harrington, 281 N.J.Super. 39, 47, 656 A.2d 456 (App.Div.), certif. denied, 142 N.J. 455, 663 A.2d 1361 (1995). The need for discovery and analysis of the evidence in a further proceeding is underscored in a case such as this where the parties' PSA does not specifically address plaintiff's monetary obligation under the circumstances where his son is both employed and attending college full time.
We believe the Family Part judge was remiss in not requiring defendant to submit documentation of Daniel's credits and earnings and in dismissing the matter summarily. The judge also erred in failing to schedule a plenary hearing to determine the intent of the parties in entering into the PSA; to consider Daniel's college plans and expenses, to review Daniel's income and savings and ascertain whether he contributed towards household expenses or paid his own expenses; and to evaluate the financial status of the parties. The determination of emancipation is a fact-sensitive inquiry that "involves a critical evaluation of the prevailing circumstances including the child's need, interests, and independent resources, the family's reasonable expectations, and the parties' financial ability, among other things." Dolce v. Dolce, 383 N.J.Super. 11, 18, 890 A.2d 361 (App.Div.2006) (quoting Newburgh v. Arrigo, 88 N.J. 529, 545, 443 A.2d 1031 (1982)).
Defendant revealed, for the first time on appeal, that Daniel earned $10 an hour during the summer of 2005 and currently earns $11.53 an hour at the Surrogate's office. Thus, even if the court had determined the income was temporary or insufficient to render Daniel economically self-sufficient to justify emancipation, a $20,000 per year salary for a nineteen-year old appears to constitute a sufficient change of circumstances for the modification of child support. Lepis v. Lepis, 83 N.J. 139, 146, 416 A.2d 45 (1980). We make no determination as to the merits of whether plaintiff was entitled to a reduction of his $180 per week child support obligation. We conclude only that the trial court should have reviewed the statutory factors set forth in N.J.S.A. 2A:34-23 to determine the proper level of support under the facts and circumstances of this case considering, as the guiding principle, Daniel's best interests. Lepis, supra, 83 N.J. at 157, 416 A.2d 45.
We remand for discovery and a plenary hearing. Obviously, the proceedings can not take place in a vacuum and the court must consider Daniel's current circumstances in calculating any future obligations for his support or educational expenses. Defendant's counsel informed us at oral argument that Daniel will be completing his program at Bergen County Community College in December 2006, as he dropped some courses his first year, *634 and is applying to William Paterson University with the hope of starting classes in January 2007. We expect that defendant's counsel will provide Daniel's transcript from Bergen County Community College and paystubs from the Surrogate's office, as well as all information regarding William Paterson University, and the parties will exchange their updated financial information as previously ordered, prior to the plenary hearing. If necessary, a case management conference should be scheduled by the trial court to effectuate this purpose. We also trust that, following the hearing, the trial court will set forth factual findings and legal conclusions sufficient to explain the rationale underlying its determination. R. 1:7-4; Monte v. Monte, 212 N.J.Super. 557, 565, 515 A.2d 1233 (App.Div.1986).
Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.