NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-1194-14T1

DENISE NETTA (f/k/a DENISE
MONEK),

 Plaintiff-Appellant/Cross-
 Respondent,

v.

CHRISTOPHER MONEK,

 Defendant-Respondent/Cross-
 Appellant.
__________________________________

 Submitted October 6, 2016 – Decided May 11, 2017

 Before Judges Alvarez and Accurso.

 On appeal from Superior Court of New Jersey,
 Chancery Division, Family Part, Middlesex
 County, Docket No. FM-12-2213-94.

 Robbins & Robbins, LLP, attorneys for
 appellant/cross-respondent (Claudia C.
 Lucas, of counsel and on the brief).

 Shane & White, LLC, attorneys for
 respondent/cross-appellant (Kenneth A.
 White, of counsel; Katelyn M. Brack, on the
 brief).

PER CURIAM
 Plaintiff Denise Netta appeals from aspects of a post-

judgment order entered by the Family Part on September 15, 2014,

denying her motion to compel her ex-husband, defendant

Christopher Monek, to contribute to the college costs of their

twenty-two-year-old daughter. Defendant cross-appeals from

aspects of the same order denying his motion to emancipate the

child retroactive to a prior order entered in January 2011 and

to terminate or reduce his child support obligation from that

date. Both parties complain that the court denied their request

for fees. We vacate the order and remand for a plenary hearing.

 By way of background, the parties were married in 1991 and

divorced in 1994. Their only child together, a daughter, was

two years old at the time their marriage broke up. Although

plaintiff did not attend college, and defendant attended only an

eighteen-month program at DeVry before becoming employed as a

police officer, they agreed to either resolve their respective

contributions toward her college expenses themselves, or submit

the issue to the court for resolution, "at the appropriate

time."

 Unable to agree on their respective contributions when the

time came, the court resolved their dispute. In January 2011, a

Family Part judge ordered plaintiff to assume 32%, and defendant

to assume 68%, of "all expenses incurred which are reasonably

 2 A-1194-14T1
related to [their daughter's] college education, after grants,

scholarships, and loans." The court granted plaintiff's motion

to increase child support and denied defendant's cross-motion to

emancipate the child. The statement of reasons accompanying

that order includes a limitation on defendant's contribution not

contained in the order itself. It provides that defendant's 68%

share of college expenses "shall apply so long as [the child] is

attending either Mercer County Community College (MCCC) or

Rutgers University." No explanation for the limitation was

provided and its basis is not apparent from the record.

 It is not possible to summarize accurately the facts of the

parties' most recent dispute as they disagree on almost

everything. Defendant claims the parties' daughter dropped out

of high school and failed to complete her first semester at

Rutgers in fall 2010, which he refers to as "Strike One."

"Strike Two" followed with her failure to secure more than nine

credits at MCCC in the spring 2011 term, thus "failing to

maintain full-time student status." Her failure to earn more

than six credits in the fall 2012 term earned her "Strike Three"

in his view, which she followed with "Strike Four" by posting

only nine credits in spring 2013.

 Defendant claims the child "has no special needs, and

therefore no excuse for having amassed only 1 1/2 years of

 3 A-1194-14T1
credit toward the college program she is seeking to enter"

despite having "been enrolled for eight (8) full-time

semesters." He claims she works full-time, and that she and her

mother have never kept him apprised of the child's academic

progress or school plans. He maintains the parties' daughter,

"has proven that she is not capable of consistently meeting the

responsibility of maintaining full-time student status."

 Finally, defendant claims it is "unconstitutional for the

court to compel [him] as a divorced parent to contribute to the

college costs and expenses of [his twenty-two] year old child as

the court would lack the ability to so compel [him] had [he]

remained married." Defendant maintains he supports a ten-year-

old child from a second marriage and wishes to retire from the

police force in the near future. Thus he claims he and does not

"have the financial ability to support [the parties' daughter]

thru 3 [plus] more years of college, particularly at an out-of-

state private college (with a $60,000 a year price tag)."

 Plaintiff counters that the parties' daughter "was a

straight 'A' honor student and varsity cheerleader" in high

school and graduated with her class, albeit having attended her

senior year at night as a result of "anxiety issues as her

father well knows." Plaintiff acknowledges that the child

withdrew from Rutgers during her first semester in fall 2010,

 4 A-1194-14T1
but maintains she thereafter diligently pursued her studies at

MCCC, as a full-time student every semester, achieving a 3.83

average and her associate's degree in 2014. She explains their

daughter attended MCCC for three years instead of two because

she was pursuing a career in photography, and was taking classes

in a prescribed order and creating a portfolio.

 Plaintiff maintains defendant was always kept apprised of

their daughter's academic plans and progress, as demonstrated by

the vast number of emails she attached to her certification.

Further, plaintiff contends in February 2014, defendant paid his

share of the cost of her applications to Parsons School of

Design and the School of Visual Arts (SVA), both located in

Manhattan. After the child was accepted at both, and decided to

go to SVA, plaintiff claims defendant agreed to pay his share of

the costs, and only reneged when he got the bill.

 Finally, plaintiff contends that defendant has paid

"virtually zero" in college costs for the parties' daughter, and

thus his attempt to "give the impression that he has already put

her through college for 4 years is disingenuous." She maintains

their daughter attends school full-time, is plainly not

emancipated and that defendant's desire to retire at forty-five

years old should not redound to the detriment of their

daughter's education.

 5 A-1194-14T1
 The trial judge denied plaintiff's request to find

defendant in violation of the prior order, as under that order

defendant "is only responsible for 68% of [the child's] college

expenses if she is attending either Mercer County Community

College or Rutgers University." The judge denied plaintiff's

further request that defendant pay his 68% share of the costs of

SVA "for the reason stated above," i.e., it is not Rutgers or

MCCC. The court further found, "based on the evidence

provided," that plaintiff had not shown that defendant "ever

agreed to pay any amount towards SVA's tuition and costs." The

judge likewise denied plaintiff's request that defendant

reimburse her $884, representing his 68% share of the $1300

enrollment fee and dorm room deposit plaintiff paid SVA.

 The judge denied defendant's cross-motion to emancipate the

parties' daughter or decrease his child support. In an

accompanying statement of reasons, the judge noted that the

parties' daughter still lives with plaintiff, "intends to

continue her higher education and does not work full-time."

Finding the child was "not independent nor outside the sphere of

influence of her parents," the judge deemed emancipation

unwarranted. Noting that defendant earns in excess of $100,000

as a police officer and that his claim the parties' daughter

"works full-time is unsubstantiated," the judge found defendant

 6 A-1194-14T1
had failed to demonstrate a change in circumstances warranting a

reduction in his child support. The judge denied counsel fees

to both parties, finding it "not evident" that either had "acted

in bad faith."

 The parties appeal, reprising essentially the same

arguments they made to the trial court. Having reviewed the

record, we think it readily apparent that neither defendant's

motion to emancipate the parties' daughter, nor plaintiff's

motion to compel defendant to contribute to her expenses at SVA,

could be decided in the absence of a plenary hearing. See

K.A.F. v. D.L.M., 437 N.J. Super. 123, 137 (App. Div. 2014)

(noting a court may not resolve conflicting factual averments on

material issues without a plenary hearing).

 The parties' views about the academic abilities and

diligence of their daughter could not be more diametrically

opposed. Plaintiff says that she is an excellent student,

diligently pursuing her studies full-time with the goal of

pursuing a career in photography while working part-time to

defray expenses. Defendant presents the same child as one

unable to remain regularly enrolled, who works full-time.

Plaintiff maintains that defendant is financially secure and can

well contribute to their daughter's education. Defendant claims

he has other obligations, wishes to retire and cannot contribute

 7 A-1194-14T1
to the child's education and should not have to. The court

accepted on the basis of the conflicting certifications that the

child is not independent and is pursuing her degree, but without

any reference to the Newburgh factors determined that defendant

had no obligation to contribute to the costs of her education.

See Newburgh v. Arrigo, 88 N.J. 529, 545 (1982) (setting forth

twelve factors courts should consider in evaluating a claim for

contribution toward the cost of higher education).

 The parties' conflicting certifications make clear that

there are material facts in dispute on the critical questions of

whether the parties' daughter has moved beyond the sphere of her

parents' influence or instead remains a full-time student

entitled to some level of support from them in the discharge of

their parental duty to assure her an education. See id. at 544

("In appropriate circumstances, parental responsibility includes

the duty to assure children of a college and even of a

postgraduate education."). We remand for discovery and a

plenary hearing. See Tretola v. Tretola, 389 N.J. Super. 15,

20-21 (App. Div. 2006) (underscoring the need for a plenary

hearing to determine parents' obligation for support when their

child both worked full-time and attended community college with

intent of pursuing four-year degree). In light of our

 8 A-1194-14T1
disposition, we need not reach the parties' remaining arguments,

including defendant's constitutional claims.

 Reversed and remanded for further proceedings consistent

with this opinion. We do not retain jurisdiction.

 9 A-1194-14T1