**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS. A-1745-17T2
　　　　　　　　　　A-4985-17T2

A. MANNY ALICANDRO,

　　　Plaintiff-Appellant,

v.

SHARON ALICANDRO,
n/k/a SHARON MCQUEEN,

　　　Defendant-Respondent.

_____

Argued March 18, 2019 – Decided July 10, 2019

Before Judges Haas and Sumners.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Monmouth County, Docket No. FM-13-0289-06.

Scott Adam Laterra argued the cause for appellant in A-1745-17 (Laterra & Hodge, LLC, attorneys; Scott Adam Laterra, of counsel and on the brief).

Howard A. Bachman argued the cause for respondent in A-1745-17 (Dwyer Bachman & Newman, LLC, attorneys; Howard A. Bachman, of counsel and on the brief).

A. Manny Alicandro, appellant, argued the cause pro se in A-4985-17.

Sharon McQueen, respondent, argued the cause pro se in A-4985-17.

PER CURIAM

These two appeals have been calendared back to back for the purpose of a single opinion. A-1745-17 arises from an order dated December 4, 2017, where the trial judge, without a plenary hearing or oral argument, granted defendant Sharon Alicandro n/k/a McQueen's motion for reconsideration, increasing plaintiff A. Manny Alicandro's child support obligations for their two children, and requiring plaintiff to pay eighty percent of their daughter's college expenses. A-4985-17 arises from an order dated June 25, 2018, where the same judge, again without a plenary hearing or oral argument, denied defendant's motion to enforce litigant's rights to compel plaintiff to pay their daughter's college tuition as moot because he paid it prior to the motion's return date, but ordered plaintiff without explaining the basis for the amount of the award to reimburse defendant $2000 in attorney's fees she incurred in filing the motion.

We reverse and remand both matters. In A-1745-17, the judge should have conducted a plenary hearing to resolve disputed material facts regarding child support and contribution of college tuition. In A-4985-17, the judge failed

2

to set forth her findings of facts and legal conclusions regarding the amount of plaintiff's attorney's fees defendant must pay. Moreover, beyond these shortcomings, the judge should have conducted oral argument in both matters.

I.

Plaintiff and defendant were married on October 9, 1991. Two children were born of the marriage, F.A. (Fiona), in August 1999, and D.A., in September 2000.[1] On March 28, 2007, the parties were divorced by way of a Dual Judgment of Divorce, which incorporated an Interspousal Agreement setting forth their financial obligations with respect to their children. They later entered into a consent order on October 17, 2016, through which plaintiff's alimony obligation was terminated effective October 1, 2016. The order also stated, "[b]y September 30, 2016, the parties shall exchange 2015 income tax returns, W-2's, and their three (3) most recent paystubs, for the purpose of recalculating child support," which would take effect October 1, 2016. The parties were unable to facilitate this exchange and recalculation without court intervention, thus the following litigation commenced.

---

[1] We use initials and fictitious names to identify the parties to protect and preserve their confidentiality. R. 1:38-3(d)(12).

A-1745-17T2

In 2017, defendant filed a motion seeking an increase in plaintiff's child support, compelling him to contribute his share of Fiona's college education, and attorney's fees and costs. Plaintiff cross-moved to decrease child support by requiring the imputation of: defendant's income due to the payoff of her mortgage by her live-in boyfriend; the boyfriend's shared household expenses; and his salary decrease. Plaintiff also wanted his share of Fiona's college tuition to take into consideration scholarships, loans, and her earnings and savings. He also sought an award of attorney's fees and sanctions against defendant's counsel.

On August 29, without honoring the parties' request for oral argument, the trial judge ordered, in pertinent part, the recalculation of child support and allocation of Fiona's college tuition to twenty percent for plaintiff, ten percent for defendant and the remaining seventy percent to be Fiona's responsibility. The judge explained her decision in a statement of reasons attached to the order.

Defendant moved for reconsideration. Again, the judge did not honor the parties' request for oral argument and entered an order on December 4, modifying child support and drastically changing the college tuition contribution

4

for Fiona to eighty percent for plaintiff, twenty percent for defendant, with no contribution from Fiona. In her statement of reasons attached to the order, the judge stated reconsideration was granted because her initial decision was inadvertently based on the facts of a different case. This appeal followed.

A-4985-17

Plaintiff sought a stay of the December 4 order. The trial court and our court denied the application. Plaintiff received a copy of our order on April 30, 2018.

On May 3, plaintiff allegedly wrote and mailed a check for $6,085.52 to defendant, the balance of his share of Fiona's tuition. The next day, defendant filed a post-judgment notice of motion to enforce litigant's rights, seeking to compel plaintiff to pay his share of Fiona's college tuition and attorney's fees and costs. The motion included defendant's supporting certification with exhibits, and a certification of attorney's fees and costs. Defendant requested oral argument if opposition was filed.

On May 8, plaintiff filed his opposition and cross-moved seeking to deny defendant's motion as moot because he paid his share of Fiona's tuition. Plaintiff raised concerns regarding the reasonableness and authenticity of attorney's fees, the timing of defendant's motion, and her failure to resolve the issue before filing

a motion with a "simple phone call or email." Plaintiff also requested oral argument.

The judge did not allow oral argument, and ordered that the tuition issue was moot because plaintiff made the payment to defendant. Nevertheless, the judge ordered plaintiff to pay defendant $2000 in attorney's fees and costs – $4385 was requested – without an explanation as to how she determined that amount. This appeal followed.

II.

A.

In A-1745-17, plaintiff contends that the trial judge should have conducted a plenary hearing and honored his request for oral argument. We agree.

A plenary hearing is necessary when the parties' submissions show "a genuine and substantial factual dispute." Hand v. Hand, 391 N.J. Super. 102, 105 (App. Div. 2007); see also Spangenberg v. Kolakowski, 442 N.J. Super. 529, 540-41 (App. Div. 2015). A trial judge may not resolve material factual disputes, including credibility determinations, arising in the parties' conflicting affidavits and certifications; instead, when a genuine issue of fact is raised by the parties' respective assertions, a plenary hearing must be held. Tretola v.

<u>Tretola</u>, 389 N.J. Super. 15, 20-21 (App. Div. 2006). "Importantly, '[t]he credibility of the parties' contentions may wither, or may be fortified, by exposure to cross-examination and through clarifying questions posed by the court[]' in a plenary hearing." <u>Spangenberg</u>, 442 N.J. Super. at 541 (alterations in original) (quoting <u>Barblock v. Barblock</u>, 383 N.J. Super. 114, 122 (App. Div. 2006)). A plenary hearing is unnecessary when it "would adduce no further facts or information," and "[a]ll of the relevant material was supplied to the motion judge[.]" <u>Llewelyn v. Shewchuk</u>, 440 N.J. Super. 207, 217 (App. Div. 2015) (quoting <u>Fineberg v. Fineberg</u>, 309 N.J. Super. 205, 218 (App. Div. 1998)).

Based upon our review of the record, there are material facts in dispute, such as: the financial impact of defendant's cohabitation with her boyfriend; whether plaintiff's reduction in income was voluntary; what was the current income or assets of Fiona; whether Fiona was able to work; and whether Fiona applied for financial aid pursuant to the parties' Interspousal Agreement. Therefore, a plenary hearing should have been held to resolve these factual disputes before the judge made her determinations for modifying child support and determining the parties' contribution to Fiona's college tuition.

Even if we conclude that a plenary hearing was not necessary, a reversal and remand is in order because the judge mistakenly applied her discretion in

7

refusing to conduct oral argument as plaintiff requested. Requests for oral argument in family actions are governed by Rule 1:6-2(d), except as otherwise provided in Rule 5:5-4.

Rule 1:6-2(d) provides in pertinent part that "no motion shall be listed for oral argument unless a party requests oral argument in the moving papers or in timely-filed answering or reply papers, or unless the court directs." Rule 5:5-4(a) provides that "in exercising its discretion as to the mode and scheduling of disposition of motions, the court shall ordinarily grant requests for oral argument on substantive and non-routine discovery motions and ordinarily deny requests for oral argument on calendar and routine discovery motions."

"This provision has generally been interpreted to require oral argument 'when significant substantive issues are raised and argument is requested.'" Palombi v. Palombi, 414 N.J. Super. 274, 285 (App. Div. 2010) (quoting Mackowski v. Mackowski, 317 N.J. Super. 8, 14 (App. Div. 1998)). "The denial of oral argument when a motion has properly presented a substantive issue to the court for decision 'deprives litigants of an opportunity to present their case fully to a court.'" Ibid. The court, however, retains discretion to dispense with oral argument on substantive issues where the record provides all that is necessary to make a decision on the issue presented. Ibid.; see also Raspantini

v. Arocho, 364 N.J. Super. 528, 531-32 (App. Div. 2003). However, requests for argument may be denied where the court sets forth appropriate reasons on the record. Rule 1:6-2.

Here, the issues of child support and college tuition were significant substantive issues that warranted the judge to honor the requests for argument. Furthermore, the judge did not identify the reasons as to why she denied the argument requests for the reconsideration motion as well as the original motion.

B.

In A-4985-17, plaintiff contends that the trial judge erred in awarding defendant attorney fees and costs by not conducting a plenary hearing and honoring his request for oral argument. In addition, he contends the judge failed to explain the reasons for the award.

Applying the principles noted above, we agree that oral argument should have been allowed, but do not agree that a plenary hearing was necessary. Defendant's demand for $4385 in attorney fees and costs was significant enough to allow plaintiff to argue why the request was unreasonable given the timing of his payment. A hearing was unnecessary because there were no material facts in dispute based upon the parties' submissions.

More importantly, our ability to consider the soundness of the fee award has been hampered by the judge's failure to make findings of fact and conclusions of law.  Rule 1:7-4(a) requires that "[t]he court shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon in all actions tried without a jury, on every motion decided by a written order that is appealable as of right[.]"  When that is not done, this court's review is impeded, and a remand is necessary.  Elrom v. Elrom, 439 N.J. Super. 424, 443 (App. Div. 2015).  Accordingly, following oral argument, the judge shall explain her reasons for determining whether defendant is entitled to attorney fees and costs.

Reversed and remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1745-17T2