**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1699-20

NATALIE ZHANG,

    Plaintiff-Respondent,

v.

FRANK LOU,

    Defendant-Appellant.

_____

Submitted March 1, 2022 – Decided September 21, 2022

Before Judges Currier and Smith.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Somerset County, Docket No. FM-18-0725-13.

Williams Law Group, LLC, attorneys for appellant (Elena K. Weitz, on the briefs).

Weinberger Divorce and Family Law Group, LLC, attorneys for respondent (Veronica R. Norgaard, of counsel and on the brief; Thomas Ercolano III, on the brief).

The opinion of the court was delivered by

SMITH, J.A.D.

Defendant Frank Lou appeals from the Family Part's order granting plaintiff Natalie Zhang's motion to enforce litigant's rights ordering defendant to pay plaintiff: costs associated with sale of a real estate asset; college tuition and related expenses for their two daughters; child support arrears; and counsel fees. Defendant's cross-motion was rejected in its entirety.

Because the Family Part did not fully set forth its findings of fact and conclusions of law in support of certain portions of its order and because it failed to conduct a plenary hearing to address what we find to be genuine and substantial factual disputes in the record, we vacate in part and remand for further proceedings.

I.

The parties were married on November 29, 1983. They had two daughters together, Elaine and Meredith. On February 3, 2014, a Final Judgment of Divorce (FJOD) incorporating a marital settlement agreement (MSA) was entered.

The MSA consisted of twenty-one pages, containing eighty paragraphs. Paragraphs thirty-one, thirty-two, and thirty-three of the MSA were grouped

2

under the heading "Post-Secondary Educational Expenses."  Among other terms, paragraph thirty-one established that each party would "pay 50% of the children's undergraduate college . . . education . . . after the children apply for all financial aid . . . available at that time."  Paragraph thirty-two defined reasonable college related expenses, and it required the parties to "consult with one another . . . with respect to the child's choice of school prior to any financial liability attaching to either party."  Paragraph thirty-three mandated that the parties "cooperate fully in each child's application process . . . for admission and financial aid . . . ."

Paragraph fifty-eight of the MSA addressed disposal of an apartment the parties jointly owned in China.  It required that the apartment be "sold immediately and that the net proceeds from the sale . . . be equally divided between the parties."  A subsequent document, dated December 11, 2016, is entitled, "Payment and Authorization Agreement."  In it the plaintiff agrees to pay: half of defendant's airfare to China to facilitate the property sale; half of defendant's meal, transportation and lodging costs incurred during his stay; and, subject to prior notice to plaintiff, half of any China-based real estate legal or notary fees incurred in the course of the transaction.

A-1699-20

The parties have a litigious history, and these cross-motions represent the parties' seventh round of post-judgment motions.

On December 10, 2020, plaintiff moved for relief. She alleged defendant owed her his share of costs related to the sale of the China apartment, reimbursement of one-half of Elaine's Yale college expenses, reimbursement of one-half of Meredith's Georgetown first semester tuition; reimbursement of one-half share of Meredith's SAT preparation class tuition and college advisor fee; and child support arrears.

Defendant filed a cross-motion opposing plaintiff's application and seeking an order: modifying and/or terminating defendant's obligation to pay college tuition and expenses for Meredith; compelling plaintiff to pay defendant $2,250 for Elaine's college application bootcamp; crediting defendant $3,000 towards the payment of child support arrears; establishing a payment plan for remaining arrears; granting sanctions against plaintiff; and awarding defendant counsel fees.

After hearing argument, the court issued an order with an accompanying statement of reasons granting plaintiff's relief in its entirety, while denying defendant's cross-motion in toto. The court ordered defendant to pay plaintiff: $7,721.98 toward apartment sale costs; $13,004.78 toward Elaine's remaining

Yale college expenses; $5,006.25 toward Meredith's Georgetown tuition; $3,038.75 toward Meredith's SAT preparation class fee; $1,750 toward Meredith's college advisor fee; and $3,974.50 for counsel fees.

On appeal, defendant argues that the trial court erred by: failing to consider plaintiff's post-MSA agreement to split apartment sale costs; failing to consider a prior court order crediting defendant for certain Yale tuition payments; failing to consider a prior court order compelling plaintiff to reimburse defendant for Elaine's college application bootcamp; failing to consider the parties' MSA terms in determining defendant's obligation to share in the costs of Meredith's education; failing to credit defendant's child support arrears with a 2016 child support payment; and failing to follow Rule 4:42-9(b) in awarding counsel fees to plaintiff.

## II.

Rule 1:7-4(a) reads in pertinent part, "[t]he court shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon in all actions tried without a jury, on every motion decided by a written order that is appealable as of right . . . ."

A plenary hearing is necessary when the parties' submissions show "a genuine and substantial factual dispute." Hand v. Hand, 391 N.J. Super. 102 (App. Div.

A-1699-20

2007); see also Spangenberg v. Kolakowski, 442 N.J. Super. 529, 540-41 (App. Div. 2015). A trial judge may not resolve material factual disputes, including credibility determinations, arising in the parties' conflicting affidavits and certifications; instead, when a genuine issue of fact is raised by the parties' respective assertions, a plenary hearing must be held. Tretola v. Tretola, 389 N.J. Super. 15, 20-21 (App. Div. 2006). "Importantly, '[t]he credibility of the parties' contentions may wither, or may be fortified, by exposure to cross-examination and through clarifying questions posed by the court[]' in a plenary hearing." Spangenberg, 442 N.J. Super. at 541 (alterations in original) (quoting Barblock v. Barblock, 383 N.J. Super. 114, 122 (App. Div. 2006)). A plenary hearing is unnecessary when it "would adduce no further facts or information," and "[a]ll of the relevant material was supplied to the motion judge[.]" Llewelyn v. Shewchuk, 440 N.J. Super. 207, 217 (App. Div. 2015) (quoting Fineberg v. Fineberg, 309 N.J. Super. 205, 218 (App. Div. 1998)).

## III.

We consider defendant's arguments in turn and examine the court's order to ascertain whether there is "a genuine and substantial factual dispute." Spangenberg, 442 N.J. Super. at 540-41.

First, the apartment sale. The trial court relied upon MSA paragraph fifty-eight and the parties' undisputed 2016 post-judgment written agreement to split

defendant's travel expenses in conjunction with completing the sale. We reject defendant's argument that the court disregarded the plaintiff's agreement to reimburse.

The trial court found defendant incurred no "seller's expenses" under the MSA and the 2016 agreement, and therefore wrongfully withheld a portion of the apartment sale proceeds. Finding that the plaintiff had "established her right to reimbursement," the court ordered defendant to pay $7,721.98. The court relied on the records submitted by the parties, and neither party requested a plenary hearing. We defer to the factual findings of the trial court when supported by the credible evidence in the record, and we discern no reason to disturb this portion of the court's order.

Next, we consider the court's various orders regarding defendant's obligations under the MSA to pay his share of the daughters' college tuition and related expenses.

Regarding Elaine's college tuition, the trial court found "[p]laintiff has established her right to be reimbursed the sum of $13,004.78," and referred to plaintiff's submission of the Yale tuition bill and a payment spreadsheet. The court found that plaintiff had provided sufficient proofs regarding how much each party had paid and what credits were due.

7

Defendant argues that the trial court erred in calculating his share of Elaine's bill in two ways. First, by failing to give defendant credit for a 2016 order by another Family Part judge which compelled plaintiff to reimburse defendant $6,847.80 for funds which plaintiff removed from Elaine's 529 college savings account without defendant's consent. Second, by denying defendant's cross-motion to compel plaintiff to reimburse him $2,250 pursuant to a July 24, 2017 order issued by another Family Part judge. This amount represented plaintiff's one-half share of Elaine's college application bootcamp tuition.

The trial court gave no reasons to support its denial of these requests. Therefore, we vacate this portion of the order and remand for the court to consider and make findings whether defendant is entitled to a credit against any monies he owes plaintiff for Elaine's Yale tuition.

We turn next to the trial court's order that defendant pay $5,006.25 towards Meredith's first semester tuition payment, as well as other sums for her SAT preparation class and college advisor. Defendant argues that the court should have considered the terms of the MSA, which called for the parties to consult each other about Meredith's school choices before "financial liability attach[ed] to either party," and to "cooperate fully in each child's application process . . . for

admission and financial aid . . . ."  Defendant further contends that the court's failure to do so before awarding relief to plaintiff was error.  We agree.

Defendant alleges that he was not consulted prior to Meredith's choice of Georgetown, and he argues that "financial liability" for Meredith's college expenses did not attach to him as a result.  While we express no opinion on the merits of defendant's argument, we find his allegation creates "a genuine and substantial factual dispute" concerning defendant's obligation to pay Meredith's tuition and other costs under the MSA.  Spangenberg, 442 N.J. Super at 540-41.  Therefore, we vacate this portion of the order.  On remand, the court shall conduct a plenary hearing to determine the parties' respective tuition obligations concerning Meredith in the context of paragraphs thirty-one, thirty-two, and thirty-three of the MSA.

We pivot to the arrears.  Defendant argues the court failed to credit him a $3,000 child support payment when it awarded plaintiff $6,332.31 in child support arrears.  Defendant presented a cancelled check as part of his motion submission.  The court did not address this submission in its order and accompanying statement of reasons.  On remand, the court shall provide reasons to support its child support arrears award, and state whether it credited defendant the $3,000.

A-1699-20

Finally, we consider the trial court's award of counsel fees. Our jurisprudence is clear. "The reasonableness of attorney's fees is determined by the court considering the factors enumerated in Rule 4:42-9(b)." McGowan v. O'Rourke, 391 N.J. Super. 502, 508 (App. Div. 2007). The manner in which a reasonable counsel fee is to be determined is well-settled. R.M. v. Supreme Court of New Jersey, 190 N.J. 1, 9-11 (2007). The trial court must perform the two-factor calculation necessary to determine the "lodestar," and arrive at a fee award based on the record before the court. Ibid.

The court made no findings on the factors enumerated in Rule 4:42-9(b), nor did it perform a lodestar analysis. Accordingly, we vacate the portion of the order granting counsel fees to plaintiff, and remand for the trial court to decide the issue.

As stated, we vacate certain portions of the court's ruling on defendant's cross-motion. On remand, the court shall consider and make findings regarding the delineated issues. If the court cannot resolve the issues on the written submissions, it shall conduct a plenary hearing.

Vacated in part and remanded for further proceedings in accordance with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION