NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-5720-14T4

CITIZENS UNITED RECIPROCAL
EXCHANGE,

 Plaintiff-Appellant,

v.

GARDEN STATE ANESTHESIA, PA,
CLIFTON SURGERY CENTER,
NORTHERN NJ ORTHO SPECIALISTS,
PATIENT CARE ASSOCIATES, TODD
KOPPEL, MD, RARITAN ANESTHESIA
ASSOCIATES, and ALLIED SURGICAL
GROUP,

 Defendants-Respondents.
_____________________________________

 Submitted April 25, 2017 – Decided October 13, 2017

 Before Judges Espinosa and Suter.

 On appeal from the Superior Court of New
 Jersey, Law Division, Bergen County, Docket
 No. L-2364-15.

 Eric S. Poe, attorney for appellant (Sonya
 Lopez Bright, on the brief).

 DeGrado Halkovich, LLC, attorneys for
 respondent Garden State Anesthesia, PA (Howard
 I. Gordon, on the brief).
 Joseph M. Ariyan, LLC, attorneys for
 respondent Clifton Surgery Center (Robert M.
 Savino, of counsel and on the brief).

 Shaw Kreizer, PA, attorneys for respondents
 Northern NJ Ortho Specialists, Patient Care
 Associates, and Raritan Anesthesia (Judd B.
 Shaw, on brief).

 Massood Law Group, LLC, attorneys for
 respondent Todd Koppel, MD (Kimberly A. Kopp,
 on the brief).

 Callagy Law, PC, attorneys for respondent
 Allied Surgical Group (Lynne Goldman, on the
 brief).

 The opinion of the court was delivered by

SUTER, J.A.D.

 Citizens United Reciprocal Exchange (CURE) appeals orders

dated July 7, 2015, that required it to pay additional attorney's

fees to respondents following its unsuccessful litigation to

vacate personal injury protection (PIP) arbitration awards that

were entered in favor of respondents. We reverse the additional

award of attorney's fees and remand that issue to the trial court

for findings of fact and conclusions of law as required by Rule

1:7-4(a).

 In 2009, William Gilmartin claimed to have sustained personal

injuries while in a motor vehicle insured by CURE. He obtained

medical treatment and services from Garden State Anesthesia, PA;

Clifton Surgery Center; Northern NJ Ortho Specialists; Patient

 2 A-5720-14T4
Care Associates; Todd Koppel, M.D.; Raritan Anesthesia Associates;

and Allied Surgical Group (respondents). CURE denied payment to

respondents under the personal injury protection (PIP) coverage

of the policy. Each respondent demanded PIP arbitration and the

cases were consolidated. The dispute resolution professional

entered an award in favor of respondents.

 In March 2015, CURE filed an order to show cause and verified

complaint in the Superior Court against respondents requesting an

order vacating the arbitration awards. It claimed the awards

constituted prejudicial error by "erroneously applying law to the

issues and facts presented for alternative dispute resolution."

On May 15, 2015, the trial court affirmed six of the seven awards,

vacating and remanding only a portion of one of the awards.1 The

trial court awarded respondents attorney's fees under Rule 4:42-

9(a)(6).2 Additionally, the court ordered that within fifteen

days, respondents "shall submit . . . a certification of services

that details the attorney's fees incurred solely as a result of

this appeal."

1
 The award to Northern NJ Ortho was affirmed on the issue of
medical necessity but reversed and remanded regarding certain
billing codes.
2
 No fees were awarded to Northern NJ Ortho Specialists.

 3 A-5720-14T4
 Each respondent submitted a request for attorney's fees with

supporting certifications. CURE filed opposition. In orders

dated July 7, 2015, the court awarded additional attorney's fees

and costs incurred for the appeals in the full amount respondents

requested.3 The court did not explain the legal authority for

these awards nor did it review the factors required under Rule of

Professional Conduct (RPC) 1.5.

 On appeal, CURE challenges only the portions of the July 7,

2015 orders that awarded additional attorney fees. CURE alleges

the court erred by not "stat[ing] its findings of fact and

conclusions of law on the record or in written memorandum" as

required by Rule 1:7-4(a). Respondents contend we do not have

jurisdiction to review the fee issue. Alternatively, they contend

that if the matter is properly before us, we should defer to the

trial court's award by finding there was no abuse of discretion

or conduct our own de novo review.

 The additional attorney fee award falls squarely within our

jurisdiction. In Allstate Ins. Co. v. Sabato, 380 N.J. Super.

463, 473 (App. Div. 2005), we considered whether we had the ability

to review an award of attorney's fees following a PIP arbitration.

We held that "[t]he award of attorney's fees, whether encompassing

3
 The only exception was Clifton Surgery Center which was not
awarded costs.

 4 A-5720-14T4
bookkeeping records, reasonableness, or the type of fee agreed to,

is governed by our Court rules, specifically the Rules of

Professional Conduct, RPC 1.5, and Rules of General Application,

R. 1:21-6 and R. 1:21-7. Thus, fees come within the exclusive

supervisory powers of the Court." Ibid.

 Generally, the assessment of attorney's fees is left to the

sound discretion of the trial court and is reviewed under an abuse

of discretion standard. Packard-Bamberger & Co., Inc. v. Collier,

167 N.J. 427, 443-44 (2001); Rendine v. Pantzer, 141 N.J. 292, 317

(1995). A court has abused its discretion "if the discretionary

act was not premised upon consideration of all relevant factors,

was based upon consideration of irrelevant or inappropriate

factors, or amounts to a clear error in judgment." Masone v.

Levine, 382 N.J. Super. 181, 193 (App. Div. 2005).

 Here, the trial court did not explain the reason for awarding

fees or for the amount awarded. The Rules provide a trial judge

"shall, by an opinion or memorandum decision, either written or

oral, find the facts and state [his or her] conclusions of law

thereon in all actions tried without a jury . . . ." R. 1:7-4(a).

"The rule requires specific findings of fact and conclusions of

law . . . ." Pressler & Verniero, Current N.J. Court Rules,

comment 1 on R. 1:7-4 (2016). "Meaningful appellate review is

inhibited unless the judge sets forth the reasons for his or her

 5 A-5720-14T4
opinion." Strahan v. Strahan, 402 N.J. Super. 298, 310 (App. Div.

2008) (quoting Salch v. Salch, 240 N.J. Super. 441, 443 (App. Div.

1990)). It is incumbent on the trial court to "analyze the

[relevant] factors in determining an award of reasonable counsel

fees and then must state its reasons on the record for awarding a

particular fee." R.M. v. Supreme Court of N.J., 190 N.J. 1, 12

(2007) (alteration in original) (quoting Furst v. Einstein Moomjy,

Inc., 182 N.J. 1, 21 (2004)).

 We agree with CURE that the trial court did not explain the

award of additional attorney's fees. We are constrained to reverse

the fee awards and to remand the case to the trial court to make

findings of fact and conclusions of law consistent with Rule 1:7-

4(a), regarding the requests for additional attorney's fees. No

other provisions of the July 7 orders are affected by our reversal

or remand.

 Reversed and remanded. We do not retain jurisdiction.

 6 A-5720-14T4