**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0082-17T3

ARTHUR G. WARDEN, III,

    Plaintiff-Respondent,

v.

MARY HOLOVACS,

    Defendant-Appellant.

_____

Submitted September 13, 2018 – Decided September 24, 2018

Before Judges Suter and Firko.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Morris County, Docket No. FM-14-0700-15.

Mary Holovacs, appellant pro se.

Laufer, Dalena, Cadicina, Jensen & Bradley, LLC, attorneys for respondent (Christine M. Dalena, of counsel; Mario N. Delmonaco, on the brief).

PER CURIAM

Defendant appeals from an order entered by the Family Part that granted plaintiff's post-judgment motion to enforce litigant's rights and counsel fees, without argument or a statement of reasons. We reverse and remand the matter for further proceedings.

The parties entered into a marital settlement agreement and were divorced in 2015. Plaintiff moved to enforce provisions of the agreement relative to defendant's inability to refinance the mortgages on their farm and lake houses that was supposed to be accomplished within one year from the date the agreement was executed.[1] Pending the anticipated refinance, defendant agreed to be solely responsible for all expenses pertaining to both properties. In the event defendant was unable to refinance the properties within the one-year timeframe, the agreement provides that the parties were to mutually agree upon a real estate broker and list the properties for sale.

Since defendant did not secure refinancing, plaintiff claims that he requested her compliance with the agreement in listing the properties for sale. When she refused to acquiesce, plaintiff alleges that he was compelled to file his motion. Prior to the return date, defendant obtained plaintiff's consent to a

_____

[1] Plaintiff was represented by counsel post-judgment and defendant proceeded as a pro se litigant.

A-0082-17T3

thirty-day adjournment and made the request to the judge the day before the return date.[2] Defendant was advised the judge already signed an order. After sending a handwritten fax cover sheet to the judge reiterating the adjournment request, the law clerk allegedly told defendant no adjournment would be granted. The order filed by the judge was the one submitted by plaintiff's counsel, adjudicating defendant to be in violation of litigant's rights for her "willful, knowing and intentional failure to comply" with certain terms of the agreement. Saliently, the order compelled defendant to liquidate assets, receive a reduced amount of alimony, turn over a Ford F-150 to plaintiff, be unilaterally restrained from discussing the litigation with the parties' two adult children, and pay counsel fees and costs of $1,725 within ten days. In his handwritten statement of reasons, the judge found plaintiff's certification was "unopposed" and that "the court is satisfied that defendant's obligations pursuant to the agreement are as plaintiff characterizes them to be." The judge further wrote: "The court is also satisfied that defendant has failed to fulfill these obligations.

---

[2] Rule 5:5-4(c) provides in pertinent part: "A notice of motion shall be served and filed, together with supporting affidavits and briefs, when necessary, not later than 24 days before the time specified for the return date . . . . Any opposing affidavits, cross-motions or objections shall be served and filed not later than 15 days before the return date."

3

As the results obtained are wholly in movant's favor, counsel fees are appropriate."

On appeal, defendant raises the following arguments:

POINT ONE

THE ORDER DATED JULY 18, 2017 GRANTING ALL TERMS OF THE HUSBAND'S PROPOSED FORM OF ORDER AS UNOPPOSED SHOULD BE REVERSED AS PLAIN ERROR AND HARMFUL ERROR, AS THE ADJOURNMENT REQUEST WAS CONSENTED TO BY BOTH PARTIES, AND IT WAS HARSH AND UNREASONABLE TO ORDER THE SALE OF THE FAMILY'S HOME, A GAG ORDER BETWEEN MOTHER AND CHILDREN, AND ATTORNEY[']S FEES WITHOUT HEARING BOTH SIDES OF THE ISSUES. (THE ORDER WAS DONE ON THE PAPERS AND NO VERBAL DECISION WAS PUT ON THE RECORD.)

POINT TWO

A DELAY IN PERFORMANCE CAUSED BY A MATERIAL INCREASE IN NON-DELEGABLE PARENTAL DUTIES, UNANTICIPATED BY THE PARTIES IN NEGOTIATING THE CONTRACT, AS WELL AS UNCLEAN HANDS OF THE PARTY SEEKING SPECIFIC PERFORMANCE JUSTIFIES DENIAL OF THE IMMEDIATE REMEDY OF SPECIFIC PERFORMANCE, AND JUSTIFIES GRANTING OF ADDITIONAL TIME FOR PERFORMANCE. (THE ORDER WAS DONE ON THE PAPERS AND NO DECISION WAS PUT ON THE RECORD[S]. AS THE COURT BELOW RULED PRIOR TO THE RETURN DATE ON THE PAPERS, AND FAILED TO ALLOW AN ADJOURNMENT

A-0082-17T3

DESPITE CONSENT, THIS ISSUE WAS NOT ABLE TO BE RAISED BELOW, AND FACTS ARE PROFFERED TO ELUCIDATE THE ISSUES THAT WILL BE RAISED UPON REVERSAL OF THIS ORDER AND REMAND FOR PLENARY HEARING OR FULL MOTION PRACTICE.

The granting or denial of an adjournment is within the trial court's discretion. Kosmowski v. Atl. City Med. Ctr., 175 N.J. 568, 575 (2003). An appellate court will reverse for failure to grant an adjournment only if the trial court abused its discretion, causing a party a "manifest wrong or injury." State v. Hayes, 205 N.J. 522, 537 (2011) (citation omitted). Here, defendant was thus deprived of potential remedies.

Under these circumstances, we find the judge mistakenly exercised his discretion in denying defendant's request for an adjournment, deciding the motion solely on the basis of plaintiff's certification, and without placing reasons on the record. Although we are cognizant of the trial court's need to expeditiously move cases in the Family Part, we are mindful of the need to have cases decided on the merits, with the full participation of the parties.

Turning to defendant's argument that the judge ruled on the papers, Rule 1:7-4(a) requires the trial court to "find the facts and state its conclusions of law thereon in all actions tried without a jury . . . ." The nature of plaintiff's prayers for relief required a detailed discussion of the history of the parties' conduct

5

post-divorce. Because the judge failed to make the required findings and conclusions of law, we are vacating the July 18, 2017 order and directing the judge to issue a briefing schedule within thirty days.

Rule 4:42-9(a)(1) permits an award of counsel fees in family actions pendente lite and on final determination in accordance with Rule 5:3-5(c). See Gotlib v. Gotlib, 399 N.J. Super. 295, 314 (App. Div. 2008). In determining the fee award, the judge must address the factors set forth in Rule 5:3-5(c):

> (1) the financial circumstances of the parties; (2) the ability of the parties to pay their own fees or to contribute to the fees of the other party; (3) the reasonableness and good faith of the positions advanced by the parties both during and prior to trial; (4) the extent of the fees incurred by both parties; (5) any fees previously awarded; (6) the amount of fees previously paid to counsel by each party; (7) the results obtained; (8) the degree to which fees were incurred to enforce existing orders or to compel discovery; and (9) any other factor bearing on the fairness of an award.

As noted by our Supreme Court, "[b]ecause it is fundamental to the fairness of the proceedings and serves as a necessary predicate to meaningful review . . . '[the] trial court must analyze the [relevant] factors in determining an award of reasonable counsel fees and then must state its reasons on the record for awarding a particular fee.'" R.M. v. Supreme Court of N.J., 190 N.J. 1, 12 (2007) (quoting Furst v. Einstein Moomjy, Inc., 182 N.J. 1, 21 (2004)).

6

Here, the judge failed to provide any analysis or a statement of reasons justifying the counsel fee award.

To the extent we have not addressed defendant's remaining arguments, we find them without sufficient merit to warrant discussion in a written opinion. Rule 2:11-3(e)(1)(E).

Reversed and remanded for further proceedings in conformity with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0082-17T3