**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3656-18T1

LAURA DILAURA,

    Plaintiff-Appellant,

v.

EDWARD DILAURA, SR.,

    Defendant-Respondent.

_____

Submitted March 2, 2020 – Decided April 23, 2020

Before Judges Messano and Vernoia.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Passaic County, Docket No. FM-16-1348-97.

Eric J. Warner, LLC, attorneys for appellant (Eric James Warner, of counsel and on the briefs).

Law Offices of Edward P. Azar, LLC, attorneys for respondent (Edward P. Azar, on the brief).

PER CURIAM

In this post-judgment matrimonial matter, plaintiff Laura DiLaura appeals from a March 14, 2019 order denying her motion for relief in aid of litigant's rights to compel her former husband, defendant Edward DiLaura, Sr., to comply with the terms of the parties' 1998 final judgment of divorce (JOD), and granting defendant's cross-motion for emancipation of the parties' two adult children, termination of his child support obligation, and an attorney's fee award. Having reviewed the record in light of the applicable law, we affirm in part, vacate in part, and remand for further proceedings.

I.

Prior to addressing plaintiff's arguments challenging the March 14, 2019 order from which she appeals, we summarize the pertinent proceedings between the parties.

The Parties' 1998 Divorce and Defendant's Payment of Child Support

Plaintiff and defendant married in 1987 and divorced in 1998. They have two children: Edward DiLaura, Jr. (Edward, Jr.), born in 1991; and Emily DiLaura (Emily), born in 1994. The parties' 1998 JOD provided for joint legal custody of the children and granted plaintiff residential custody. In relevant part, the JOD required defendant pay $180 per week in child support, and the parties equally share payment of the children's unreimbursed medical expenses.

The JOD also provided the parties "shall consult with each other" concerning where the children will go to college, "the cost of . . . same and whether or not the parties can afford said education," and, "[i]n the event the parties agree to a specific . . . college[,] . . . it is agreed [they] shall pay for the same based on their respective incomes at the time of enrollment."

Edward, Jr. attended college and graduated in May 2014, at age twenty-two. Upon Edward, Jr.'s graduation, defendant unilaterally reduced his weekly child support payments from the $180 required by the JOD to $100. Emily attended college, and, following her May 2016 graduation, defendant stopped paying child support altogether.

2017 – The Parties' First Post-Judgment Motions

In March 2017, plaintiff filed the first post-judgment application following entry of the JOD nineteen years earlier. She moved for relief in aid of litigant's rights to: compel defendant to pay past due and future child support; modify the child support amount; require that defendant pay his share of the children's past, present, and prospective education costs and expenses; compel defendant to pay for past and future unreimbursed medical expenses; direct that defendant maintain a life insurance policy for the benefit of the children; and require defendant's payment of plaintiff's attorney's fees. Defendant cross-

moved for an order retroactively emancipating Edward, Jr. and Emily on the dates of their respective college graduations; terminating his child support obligation; and requiring that plaintiff pay his attorney's fees.

The court heard argument on the motions and entered July 14, 2017 orders denying without prejudice defendant's cross-motion for emancipation of the children, termination of child support, and attorney's fees. The court granted plaintiff's motion compelling defendant to pay $8622.64 in child support arrears based on the JOD's $180 weekly support rate, and directing defendant pay $182.91 per week toward the arrears. The court did not address the merits of plaintiff's requests for an increase in child support, defendant's payment for the children's education and medical expenses under the JOD, or plaintiff's request for an attorney fee award. Instead, the court directed that the parties attempt to work out their remaining claims—those the court denied without prejudice—in mediation. Neither party sought leave to appeal from the July 14, 2017 orders, and neither party appeals from those orders. The mediation was unsuccessful.

The Parties' 2018 Motions

On May 1, 2018, plaintiff filed a second motion for relief in aid of litigant's rights. She again sought to enforce the JOD's terms and reprised some of the requests the court denied in 2017 without prejudice. Plaintiff moved for

an order compelling defendant to: pay "outstanding past child support" and "increased child support"; pay his "fair share" of the children's past and future "higher education tuition and expenses" and medical expenses; maintain life insurance or provide a security interest on property as security for payment of defendant's obligations; and pay plaintiff's attorney's fees for the mediation and court proceedings. Defendant filed a cross-motion for an order: denying the relief sought by plaintiff; sanctioning plaintiff for filing a frivolous motion; retroactively emancipating the children on the dates of their respective college graduations; declaring plaintiff and the children responsible for the claimed education and medical expenses; and awarding defendant attorney's fees.

The court rendered its decision on the motions in a March 14, 2019 order. The order is unaccompanied by a written or oral decision and includes only scant conclusory findings supporting the court's disposition of the parties' various requests.

In pertinent part, the order grants a portion of defendant's cross-motion. The court determined the children graduated from college and were emancipated, but it rejected defendant's claim their emancipations were effective on the dates of their college graduations. Instead, the court

retroactively emancipated the children to May 24, 2018, the date defendant filed his cross-motion for emancipation.

The court denied plaintiff's motion for an award of back child support, finding defendant had paid $7918.40 of the amount the court found due in its July 14, 2017 orders, and directing defendant pay any remaining child support arrears through the May 24, 2018 emancipation date. The court denied plaintiff's request for a hearing as to whether defendant's child support should be retroactively modified, and it denied plaintiff's request that defendant pay for the children's medical expenses because plaintiff "fail[ed] to provide sufficient proof of payment of such expenses." The court further denied plaintiff's request that defendant pay the children's education expenses, finding plaintiff did not comply with the JOD's requirement that the parties confer concerning those expenses before they were incurred.

Plaintiff appeals from the court's March 14, 2019 order, and she presents the following arguments:

> POINT I[]
>
> THIS COURT SHOULD OVERRULE THE LOWER COURT'S DENIAL OF PLAINTIFF'S MOTION TO ENFORCE LITIGANT'S RIGHTS TO COMPEL DEFENDANT TO PAY BACK CHILD SUPPORT & EXPENSES THROUGH PROBATION AND

SHOULD ORDER A PLENARY HEARING ON DEFENDANT'S ABILITY TO PAY.

POINT II[]

THIS COURT SHOULD ENFORCE LITIGANT'S RIGHTS AND COMPEL DEFENDANT TO PAY HIS FAIR SHARE OF THE CHILDREN'S HIGHER EDUCATION COSTS.

POINT III[]

DEFENDANT SHOULD BE COMPELLED TO USE BEST EFFORTS TO OBTAIN A LOAN TO PAY THE CHILDREN'S EDUCATIONAL EXPENSES AND TO OBTAIN LIFE INSURANCE NAMING THE CHILDREN AS BENEFICIARIES.

POINT IV[]

DEFENDANT SHOULD BE COMPELLED TO PAY LEGAL FEES AND COSTS INCURRED TO DATE FOR HIS GENERAL LACK OF GOOD FAITH AND OVERALL REFUSAL TO COOPERATE HAVE REFLECTED THE FUTILITY OF SEEKING HIS COOPERATION BY ANY MEANS OTHER THAN COURT ORDER, AND THIS COURT SHOULD OVERRULE THE LOWER COURT'S ORDER THAT PLAINTIFF PAY DEFENDANT'S FEES.

II.

Plaintiff argues the court erred by denying her motion for relief in aid of litigant's rights. She asserts the court failed to enforce the provisions of the JOD requiring defendant pay child support, unreimbursed medical expenses, and his

share of their adult children's higher education costs. She also contends the court erred by failing to order defendant to obtain life insurance to ensure payment of his putative obligations and denying her request for an attorney fee award.[1]

A motion to enforce litigant's rights is the appropriate vehicle to enforce a court's prior order, Abbott v. Burke, 206 N.J. 332, 359 (2011), and "[t]he scope of relief in a motion in aid of litigants' rights is limited to remediation of the violation of a court order," id. at 371. We review a trial court's enforcement of litigant's rights pursuant to Rule 1:10–3 under an abuse of discretion standard. Barr v. Barr, 418 N.J. Super. 18, 46 (App. Div. 2011). An abuse of discretion "arises when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso–Sanchez v. Immigration & Naturalization Serv., 779 F.2d 1260, 1265 (7th Cir. 1985)).

---

[1] Plaintiff does not challenge on appeal the court's March 14, 2019 order addressing and deciding other issues she raised before the motion court. We therefore limit our discussion to those parts of the order plaintiff challenges on appeal and affirm those parts she opted not to challenge. See Sklodowsky v. Lushis, 417 N.J. Super. 648, 657 (App. Div. 2011) (holding issues not briefed on appeal are deemed waived).

We begin our analysis of plaintiff's arguments by noting the lack of findings of fact supporting the conclusions of law in the court's March 14, 2019 order. Rule 1:7-4 provides a trial judge "shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon . . . on every motion decided by a written order that is appealable as of right." A trial court must "state clearly its factual findings and correlate them with the relevant legal conclusions." Gnall v. Gnall, 222 N.J. 414, 428 (2015) (quoting Curtis v. Finneran, 83 N.J. 563, 570 (1980)).

A court's statement of legal conclusions untethered to any findings of fact, "constitutes a disservice to the litigants, the attorneys, and the appellate court." Ibid. (quoting Curtis, 83 N.J. at 569-70). Where, as here, the court's order is devoid of the fact-finding that "is fundamental to the fairness of the proceedings and serves as a necessary predicate to meaningful review," Ducey v. Ducey, 424 N.J. Super. 68, 74 (App. Div. 2012) (quoting R.M. v. Supreme Court of N.J., 190 N.J. 1, 12 (2007)).

Most simply stated it is impossible to determine if the court abused its discretion in denying plaintiff's motion to enforce the child support, medical expense reimbursement, and higher education expense provisions of the JOC because the court did not make the requisite fact-findings supporting its

determinations on those issues. As a result, we are compelled to vacate the court's order denying plaintiff's motion for relief in aid of litigant's rights on those issues and remand for reconsideration by the motion court of those issues, as raised by plaintiff on appeal, Elrom v. Elrom, 439 N.J. Super. 424, 443 (App. Div. 2015).

There is one exception to our need to vacate and remand on those issues. It is unnecessary that we vacate and remand for a determination whether plaintiff is entitled to enforcement of the JOD's child support obligation. The record permits our determination the court did not err by enforcing plaintiff's motion to enforce the JOD's requirement defendant pay $180 per week in child support.

In its June 14, 2017 orders, the court determined, based on the JOD's $180 weekly rate, defendant owed $8622.64 in past-due child support and directed defendant pay child support arrears at the rate of $182.91 per week. The court also directed defendant to make current payments of child support in accordance with the JOD.

Plaintiff does not appeal from the June 14, 2017 orders, and she is therefore bound by them. See 1266 Apartment Corp. v. New Horizon Deli, Inc., 368 N.J. Super. 456, 459 (App. Div. 2004) (explaining "it is only the judgment or orders designated in the notice of appeal which are subject to the appeal

process and review"). Plaintiff also does not offer any argument challenging the June 14, 2017 orders. See Sklodowsky, 417 N.J. Super. at 657. We therefore accept the court's orders as a final and unchallenged determination that defendant's child support obligation under the JOD was $8622.64 through June 14, 2017.

Defendant fully complied with the June 14, 2017 orders, and, in the March 14, 2019 order plaintiff challenges on appeal, the court again directed defendant pay child support at the weekly rate set forth in the JOD through the date of the children's emancipation. The court did not err by failing to enforce defendant's child support obligation under the JOD. To the contrary, the March 14, 2019 order required defendant make his child support payments in exacting compliance with the JOD's express terms. We therefore affirm the court's March 14, 2019 order denying plaintiff's motion to enforce the JOD's requirement defendant pay $180 per week in child support.

As noted, the court's failure to make the required findings of fact and conclusions of law in accordance with Rule 1:7-4 requires vacation of the court's March 14, 2019 order deciding the remaining issues plaintiff raises on appeal. Those issues are limited to plaintiff's claims she is entitled to enforcement of the JOD's provisions: permitting adjustment of child support "every two years to

11

reflect a change in the cost of living, pursuant to R. 5:6B"; providing for each party's payment of "one-half of the cost of the unreimbursed medical/dental/eye expenses of the children"; and stating the parties "shall consult with each other in regards to the . . . college education of their children at the time of their anticipated enrollment," discuss "the cost of the same and whether or not the parties can afford said education," and, "[i]n the event [they] agree to a specific . . . college[,] . . . it is agreed that the parties shall pay for the same based on their respective incomes at the time of enrollment."  On remand the court shall reconsider, decide, and make findings in accordance with Rule 1:7-4 concerning those issues.

We therefore vacate the court's order denying plaintiff's motion for relief in aid of litigant's rights under the JOD to compel defendant to contribute to the children's higher educational expenses and unreimbursed medical expenses; and pay increased child support based on any claimed cost of living increase under Rule 5:6B, and remand for further proceedings.  The court shall conduct such additional proceedings to address the issues as it deems appropriate.  We offer no opinion on the merits, if any, of plaintiff's claims or defendant's opposition.

Our remand on those issues necessarily requires vacation of the court's order awarding defendant attorney's fees and rejecting plaintiff's request

A-3656-18T1

defendant be directed either to obtain a loan or life insurance to ensure payment of his obligations. On remand, the court shall reconsider and decide those requests anew following its determination of the other issues.

We affirm those portions of the court's order plaintiff has not challenged on appeal, as well as the court's order directing that defendant pay child support at the JOD's $180 weekly rate through the date of the children's emancipation.

Affirmed in part, vacated in part, and remanded for further proceedings in accordance with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3656-18T1