**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3181-18T2

ANDRIENNE E. MORRIS,

     Plaintiff-Appellant,

v.

ASMAR J. CAPERS,

     Defendant-Respondent.

_____

Argued telephonically September 15, 2020 -
Decided September 23, 2020

Before Judges Yannotti and Natali.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Bergen County, Docket No. FD-02-0898-17.

Philip Petrullo argued the cause for appellant (Russo Petrullo Law Group, LLC, attorneys; Philip Petrullo, on the briefs).

Brian D. Iton argued the cause for respondent.

PER CURIAM

Plaintiff appeals from an order entered by the Family Part on December 28, 2018, which granted defendant's motion for the award of attorney's and expert's fees. Plaintiff also appeals from an order dated March 8, 2019, which denied her motion for reconsideration. We affirm in part, reverse in part, and remand for further proceedings.

I.

We briefly summarize the pertinent facts and procedural history of this dispute. The parties were involved in an intimate relationship but never married, and in June 2013, a child was born of the relationship. In March 2017, plaintiff filed a complaint for custody and child support. Defendant filed a counterclaim for custody and parenting time. In April 2017, the parties appeared before a child support hearing officer.

Thereafter, the trial court entered an order dated April 5, 2017, which designated plaintiff as parent of primary residence and required defendant to pay child support in the amount of $195 per week. The court also referred the issues raised in defendant's counterclaim to mediation. Mediation was not successful.

Defendant then issued subpoenas to verify the amount of plaintiff's income, and plaintiff filed a motion to quash the subpoenas. At the hearing on the motion, plaintiff represented to the court that her only income from all

sources was $852.50 per week. The court entered an order dated May 25, 2017, denying plaintiff's motion to quash the subpoenas based on the court's oral decision on the record.

In February 2018, defendant filed a motion seeking a downward modification of child support, sanctions, attorney's fees, increased parenting time, and other relief. The court entered an order dated May 4, 2018, which required plaintiff to provide her personal and business tax returns for 2014 to 2017.

Thereafter, the parties exchanged discovery regarding their incomes. In June 2018, defendant retained an expert to perform a forensic review of plaintiff's bank statements and tax returns for 2016 and 2017. The court scheduled the matter for a plenary hearing.

The parties later agreed to the entry of a consent order dated August 31, 2018. Among other things, the order stated that the parties shall continue to have joint legal custody of the child and plaintiff shall be designated the parent of primary residence.

The dispute over parenting time was referred to the Bergen Family Center (BFC), and the parties agreed to the amounts of income that would be imputed to them for purposes of calculating child support. The order also resolved issues

regarding the payment of unreimbursed medical expenses, use of the child tax exemption, and life insurance. The order stated that the parties had not been able to resolve the issue regarding reimbursement of childcare and extracurricular expenses, or the issues of attorney's and expert's fees.

Thereafter, defendant filed a motion seeking the award of attorney's and expert's fees. Plaintiff opposed the motion and filed a motion seeking reimbursement of childcare and extracurricular expenses and the award of attorney's fees.

On December 28, 2018, the judge entered an order granting plaintiff's motion for reimbursement of childcare and denying plaintiff's request for certain extracurricular expenses. The judge required plaintiff to pay defendant's attorney's fees of $39,505.19, and defendant's expert fees of $9,375. In the rider appended to the order, the judge set forth her reasons for her decision regarding counsel and expert fees.

The judge reviewed the factors for the award of attorney's fees in Rule 5:3-5(c). The judge noted that the analysis performed by defendant's expert indicated she earned $160,005 in 2006 and $146,664 in 2017, whereas defendant earned $83,228 in 2006 and $70,918 in 2017. The court found both parties had not been candid regarding their respective incomes but determined that

plaintiff's actions substantially outweighed those of defendant. The judge stated that plaintiff had withheld relevant financial information, which required defendant to file his motion to reduce child support.

The judge also noted that both parties had claimed they were unable to pay their own fees or contribute to the fees of the other party. The judge stated, however, that the ability of a party to pay his or her own fees is not relevant when a party acts in bad faith. The judge found plaintiff acted in bad faith by misrepresenting the amount of her income and rejected plaintiff's contention that her failure to disclose all of her income was due solely to advice she received from her prior counsel.

The judge noted that the court had not previously awarded fees to either party and the results obtained were reflected in the consent order entered on August 31, 2018. In addition, the court found that defendant filed his motion to recalculate child support based on the parties' actual income. The judge stated that defendant "was required to retain forensic review and analyze [p]laintiff's business and personal income to determine [p]laintiff's business income and expenses."

The judge also found that plaintiff's continued reluctance to disclose her income accurately "contravened the spirit and policy" of having disputes

5

regarding child support resolved in a summary proceeding. The judge stated that defendant's attorneys had devoted a reasonable amount of time to the litigation, and the legal services were necessary to expose plaintiff's misrepresentations. The judge found defendant's attorney's hourly rates were reasonable, and the fees were incurred to prevent defendant from overpaying child support, noting that the fee was not contingent and no minimum fee was charged.

The judge also addressed defendant's request for an award of expert fees, stating that under the attorney's retainer agreement, defendant was responsible for the payment of the expert's fees. Furthermore, the expert's agreement set forth the scope of services and the fee to be charged.

The judge found that, based on the consideration of all of the relevant facts, plaintiff's motion for an award of attorney's fees would be denied and defendant's motion for the award of counsel and expert fees would be granted. The judge further found that plaintiff is capable of paying defendant's attorney's and expert's fees.

Plaintiff thereafter filed a motion for reconsideration. The judge heard oral argument and placed her decision on the record stating that plaintiff had not met the standard for reconsideration. The judge noted that her prior decision

was not made on a palpably incorrect or irrational basis and she had considered all relevant, competent evidence. The judge pointed out the disparity between the income plaintiff initially reported to the hearing officer and the amounts reflected in plaintiff's business and personal income tax returns. The judge entered an order dated March 8, 2019, denying the motion for reconsideration. This appeal followed.

## II.

On appeal, plaintiff argues that the trial court erred by awarding defendant attorney's and expert's fees. She contends the trial court's decision was based on incorrect reasoning.

Our review of the trial court's award of attorney's fees is limited. Such determinations should be reversed on appeal "only on the rarest occasions, and then only because of a clear abuse of discretion." Rendine v. Pantzer, 141 N.J. 292, 317 (1995). "A trial court decision will constitute an abuse of discretion where the decision [was] made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Saffos v. Avaya, Inc., 419 N.J. Super. 244, 271 (App. Div. 2011) (alteration in original) (citations omitted).

N.J.S.A. 2A:34-23 provides that a Family Part judge may award counsel fees in a matrimonial case where the circumstances of the case render them reasonable and just. The court conducts its analysis using the factors set forth by Rule 5:3-5(c). The rule states that the court should consider:

> (1) the financial circumstances of the parties; (2) the ability of the parties to pay their own fees or to contribute to the fees of the other party; (3) the reasonableness and good faith of the positions advanced by the parties both during and prior to trial; (4) the extent of the fees incurred by both parties; (5) any fees previously awarded; (6) the amount of fees previously paid to counsel by each party; (7) the results obtained; (8) the degree to which fees were incurred to enforce existing orders or to compel discovery; and (9) any other factor bearing on the fairness of an award.
>
> [R. 5:3-5(c).]

Plaintiff argues that the Family Part judge erred by basing the award primarily on her failure to disclose all of her income. The record shows that in March 2017, when plaintiff filed her complaint for custody and child support, she reported she earned gross weekly income of $852.50. In April 2017, at the child support hearing, plaintiff again testified that her sole income in 2017 was $852.50 per week.

Moreover, in support of her motion to quash defendant's subpoenas for her financial records, plaintiff stated in a certification that she had reported her

income for child support purposes at $874 per week, based on the paystub she had provided. She also stated she had been "completely truthful" about her income.

In May 2018, after defendant filed his motion seeking, among other relief, a reduction in child support, plaintiff asserted that she had not misrepresented the amount of her income. Furthermore, in a certification submitted to the trial court in August 2018, plaintiff stated that her only income was the income reported on her W-2 form. She asserted that as of March 2017, she had no independent contracting work or consulting income to report.

The business bank statements that defendant obtained in discovery showed, however, that in 2016, plaintiff earned about $160,000 in income from her consulting business. The statements also showed that in 2017, plaintiff earned about $146,000 in such income. Plaintiff later agreed to the entry of the consent order, which provided that for purposes of calculating child support, her annual income was $127,000.

Plaintiff maintains, however, that in March 2017, when she filed her initial application for custody and child support, she was not represented by counsel. She asserts that although the financial statement she submitted at that time only referred to her salary of $852.50 per week, she provided her 2014 tax return

which disclosed that she had about $53,000 of income from her consulting business. Plaintiff claims her only income in March 2018 was the income reported on her W-2 tax form. She asserts that she had been forthright in disclosing her income.

The record shows that plaintiff did not retain counsel until defendant served his subpoenas seeking disclosure of her financial records. She claims her attorney at that time did not advise her that the rules of court require full and complete disclosure of all relevant facts and evidence that may lead to the discovery of relevant information. Plaintiff contends her former attorney did not advise her that the income from her consulting business was relevant or that she needed to disclose that income.

We are convinced, however, that there is sufficient credible evidence in the record to support the judge's finding that while both parties had not been entirely forthright in disclosing their respective incomes, plaintiff's misrepresentations substantially outweighed defendant's actions. The record supports the judge's finding that because plaintiff failed to disclose all of her income, defendant sought discovery, filed his motion to reduce child support, and retained a forensic expert to analyze plaintiff's business and personal income.

10

The judge noted that plaintiff had attempted to shift responsibility to her former attorney for her failure to fully disclose her income, but plaintiff failed to disclose her business income in her initial filing while she was self-represented. Although plaintiff submitted a tax return from 2014 that reported some business income, she repeatedly asserted that her only income in 2017 was the income reported on her paystubs and W-2 form. The record shows that plaintiff's statements regarding her income were not accurate.

Thus, there is sufficient credible evidence in the record for the trial court's finding that plaintiff knew she was required to disclose all of her income and acted in bad faith by failing to do so. The court did not err by relying on this finding as support for the decision to award defendant counsel and expert fees.

III.

Plaintiff further argues that the trial court erred by requiring her to pay all of defendant's counsel fees and the fees for the forensic expert. She contends the trial court awarded attorney's fees for the pursuit of issues upon which she prevailed and on issues the parties amicably resolved. She further argues that the amount of attorney's fees incurred was disproportionate to the limited reduction in child support that defendant obtained by consent.

Here, the trial court did not mistakenly exercise its discretion by awarding defendant attorney's fees for the time defendant's attorney reasonably devoted to the dispute regarding child support. As noted, in April 2017, when plaintiff filed her motion for custody and child support, she claimed her only income was $852.50 per week, or about $44,330 per year.

Defendant thereafter sought discovery concerning plaintiff's income and sought a reduction in child support. In discovery, defendant obtained records that showed plaintiff had not disclosed all of her income. He also retained an expert, who opined that plaintiff's adjusted gross income for 2017 was $145,664, which included ordinary business income of $134,824.

Plaintiff later stipulated that for purposes of calculating child support, her income was $127,000 per year. This was substantially higher than the amount of income she initially reported in March 2017. The judge found that the resulting modification in child support would save defendant from overpaying between $81,798 to $113,508, depending upon the results of the parenting time evaluation. The record supports that finding.

We are convinced, however, that the court erred by awarding all the attorney's fees defendant incurred in the litigation. The dispute concerning the amount of child support was not the only matter in dispute. As stated previously,

12

before the scheduled plenary hearing, the parties resolved many issues and their agreement was reflected in the consent order dated August 31, 2018.

Here, the trial court erred by failing to determine the amount of attorney's fees defendant incurred for issues on which he prevailed and on those issues on which plaintiff prevailed. When making an award of attorney's fees, the court may exclude time "spent litigating claims on which the party did not succeed and that were distinct in all respects from claims on which the party did succeed." Rendine, 141 N.J. at 335 (quoting Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990)).

Although defendant obtained a favorable result on his motion for a reduction in child support, plaintiff prevailed on her claim regarding work-related childcare expenses. She did not, however, prevail on her claim for reimbursement of extracurricular expenses. Moreover, the court did not consider whether plaintiff or defendant prevailed on the issues resolved by settlement. As to those issues, the court should have considered whether either party achieved "some of the benefit" he or she sought in the litigation. R.M. v. Supreme Court of N.J., 190 N.J. 1, 10 (2007) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)).

13

We therefore reverse the award of fees in the amount of $39,505.19 and remand the matter to the trial court for reconsideration of the amount of the fees to be awarded. The award should be limited to attorney's fees for litigating issues on which defendant prevailed.

We also conclude the trial court did not err by awarding defendant the fees charged by the forensic accountant. The judge found that defendant "was required to retain forensic expert review" to analyze plaintiff's financial records and determine the amount of plaintiff's "business income and expenses." There is sufficient credible evidence in the record to support the court's finding that plaintiff should bear this expense.

On appeal, plaintiff further argues that the award of counsel and expert fees is contrary to public policy, which favors settlement of disputes; the award is inconsistent with the applicable court rules; the court failed to make appropriate findings of fact and conclusions of law; and the court erred by denying her motion for reconsideration. In view of our decision remanding the matter to the trial court for further review of the amount of attorney's fees to be awarded, we need not address these arguments.

Affirmed in part, reversed in part, remanded to the trial court for further proceedings in accordance with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3181-18T2