**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5082-17T1

JAMES PERCIANTE and
DOLORES MABIN,

 Plaintiffs-Respondents,

v.

DARSI BEAUCHAMP,

 Defendant-Appellant,

and

LOUIS BEAUCHAMP,

 Defendant.

_____

Submitted September 23, 2019 – Decided October 3, 2019

Before Judges Geiger and Natali.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Docket No. LT-000361-18.

Darsi Beauchamp, appellant pro se.

Respondents have not filed a brief.

PER CURIAM

Defendant Darsi Beauchamp appeals from a May 25, 2018 Special Civil Part order awarding plaintiffs James Perciante and Dolores Mabin $1688 in attorney's fees incurred in prosecuting a complaint for non-payment of rent and possession, and in defending a related claim for a rent abatement.[1] After a thorough review of the record, we vacate the May 25, 2018 order and remand the matter for the trial court to make factual findings to support the $1688 attorney's fee award.

Defendants rented a home from plaintiffs in Morris Plains for $2300 per month pursuant to a one-year lease. Paragraph seven of the lease provided that if defendants breached any provision of the lease, plaintiffs could recover the costs incurred to enforce the lease, including their reasonable attorney's fees.

Shortly after moving in, defendants alleged that the presence of lead in the home adversely affected their health. Plaintiffs declined defendants' request to make necessary repairs and instead offered defendants the option to terminate the lease without penalty. Defendants elected to remain in the home and paid for the repairs out-of-pocket. To offset the cost, they withheld $957.51 of the following month's rent.

---

[1] Defendant Louis Beauchamp has not joined in this appeal.

Approximately six months later, defendant brought a civil action alleging plaintiffs failed to make the aforementioned repairs to the premises and also claimed that plaintiffs harassed them. The following day, plaintiffs filed a verified complaint in the Special Civil Part seeking $1857.51 in damages, which included the $957.51 of base rent, $50 as a late fee, and $850 in attorney's fees. Plaintiffs also demanded possession of the premises.

In their verified complaint, plaintiffs alleged that defendants refused to vacate the premises after the conclusion of the lease despite their claims that the home "was unsafe/unfit." Plaintiffs also claimed that they intended to sell the home, and defendants were interfering with their sale efforts. Finally, plaintiffs alleged that defendants expressed interest in purchasing the home, but failed to take steps to enter into a contract or obtain financing.

The court subsequently entered an order determining that a "Marini[2] hearing [was] required" but conditioned the scheduling of that hearing on defendants "post[ing] $957.51" in escrow. After defendants placed the disputed

---

[2] Marini v. Ireland, 56 N.J. 130, 140 (1970).

A-5082-17T1

rent in escrow, the court conducted the <u>Marini</u> hearing and entered a judgment for plaintiffs.[3]

In an April 23, 2018 order, the court concluded that "defendants failed to prove their case" and directed plaintiffs to submit an order releasing the $957.51 in rent from escrow. In a subsequent April 25, 2018 order, however, the court not only ordered a turnover of the $957.51 in escrowed rent, but also granted plaintiffs a "judgment of possession . . . with respect to the premises . . . [in] Morris Plains."

Two weeks later, on May 8, 2018, the court issued a warrant of removal. After receiving the warrant, defendants filed an order to show cause seeking a stay of the eviction. Defendants also moved for reconsideration to vacate the judgment for possession and dismiss the complaint. Defendants claimed that the court erred when it granted possession of the premises to plaintiffs because defendants paid all outstanding rent after the <u>Marini</u> hearing. Defendants also claimed that plaintiffs failed to establish the grounds for eviction under N.J.S.A. 2A:18-61.1(l)(3).[4]

---

[3] Defendants failed to provide a copy of the transcript from the <u>Marini</u> hearing.

[4] N.J.S.A. 2A:18-61.1(l)(3) provides that a tenant may be evicted if "[t]he owner of a building of three residential units or less . . . has contracted to sell the

At the conclusion of the order to show cause hearing, the court vacated the judgment for possession and entered an order dismissing the underlying eviction action. The court noted that "the underlying case was resolved in favor of the landlord [who] had brought an action for nonpayment of rent, primarily." The court also concluded that the proposed eviction was improper because contrary to plaintiffs' claims, there was no evidence that a new owner had purchased the premises. Finally, the court awarded "legal fees as claimed as part of the contested rent" to be determined after the "submission of a [Rules of Professional Conduct (RPC)] 1.5 certification" so that the court could "determine the reasonableness" of the fee application.

Shortly thereafter, plaintiffs' counsel submitted a RPC 1.5 certification and proposed order that sought $1688 in fees. Defendants filed opposition, which included a certification from defendant Darsi Beauchamp that noted plaintiffs improperly calculated late fees, and the $1688 amount differed from the $850 attorney's fee request stated in the complaint. Defendants' counsel also submitted a certification in accordance with Rule 4:42-9 and RPC 1.5, along with an accompanying order, seeking $2571.02 in attorney's fees related to the

---

residential unit to a buyer who wishes to personally occupy it and the contract for sale calls for the unit to be vacant at the time of closing."

filing of defendants' order to show cause and motion for reconsideration. Defendants alleged that they were entitled to fees pursuant to N.J.S.A. 2A:18-61.66[5] because they successfully stayed the eviction, vacated the judgment of possession, and convinced the court to dismiss the complaint.

In the May 25, 2018 order under review, the trial court awarded plaintiffs attorney's fees in the amount of $1688. That order was neither accompanied by a written statement of reasons nor an oral decision.

On appeal, defendant raises two principal objections with respect to the May 25, 2018 order. First, defendant contends the court erred in awarding plaintiffs attorney's fees because "[r]ents were always paid on time and after [the Marini] hearing paid up to date" and the court failed to consider their "unblemished timely payment record." Second, defendant claims the court committed error in not awarding her attorney's fees as she prevailed in the order to show cause and motion for reconsideration after "the trial court erroneously evicted [defendants] because of misapplication of regulations and a faulty and

---

[5] N.J.S.A. 2A:18-61.66 states that "[i]f a . . . lease provides that the landlord is . . . entitled to recover . . . attorney's fees . . . incurred as a result of the failure of the tenant to perform any . . . agreement in the lease, . . . the court shall read an . . . implied covenant . . . requir[ing] the landlord to pay the tenant . . . attorney's fees . . . incurred . . . as a result of the tenant's successful defense of any action . . . arising out of an alleged failure of the tenant to perform any . . . agreement in the lease . . . ."

A-5082-17T1

unlawful order for judgment of possession." Because the court failed to provide factual findings consistent with Rule 1:7-4 to support the fee award, we vacate the May 25, 2018 order and remand for further proceedings.

The assessment of attorney's fees is generally left to the sound discretion of the trial court and is reviewed under an abuse of discretion standard. Packard-Bamberger & Co., Inc. v. Collier, 167 N.J. 427, 443–44 (2001); Rendine v. Pantzer, 141 N.J. 292, 317 (1995). "[A]buse of discretion is demonstrated if the discretionary act was not premised upon consideration of all relevant factors, was based upon consideration of irrelevant or inappropriate factors, or amounts to a clear error in judgment." Masone v. Levine, 382 N.J. Super. 181, 193 (App. Div. 2005).

Rule 1:7-4(a) provides that a trial judge "shall, by an opinion or memorandum decision, either written or oral, find the facts and state [his or her] conclusions of law thereon in all actions tried without a jury . . . ." R. 1:7-4(a). "The rule requires specific findings of fact and conclusions of law . . . ." Pressler & Verniero, Current N.J. Court Rules, comment 1 on R. 1:7-4 (2019). "Meaningful appellate review is inhibited unless the judge sets forth the reasons for his or her opinion." Strahan v. Strahan, 402 N.J. Super. 298, 310 (App. Div. 2008) (quoting Salch v. Salch, 240 N.J. Super. 441, 443 (App. Div. 1990)). In

this regard, a trial court is required to "analyze the [relevant] factors in determining an award of reasonable counsel fees and then must state its reasons on the record for awarding a particular fee."  R.M. v. Supreme Court of N.J., 190 N.J. 1, 12 (2007) (alteration in original) (quoting Furst v. Einstein Moomjy, Inc., 182 N.J. 1, 21 (2004)).

Here, the trial court did not explain its reasons for awarding $1688 in attorney's fees to plaintiffs.  While the court correctly referenced the lease agreement as providing plaintiffs the right to recover fees, neither the court's May 25, 2018 order, nor any subsequent written or oral statement of reasons, explained how the court arrived at the $1688 figure.  We cannot determine the RPC 1.5 factors the court may have considered to determine the reasonableness of the fees, including the hourly rate, the time and labor required, whether the matter precluded other employment by the attorney, or the fee customarily charged in the locality for similar legal services.  Further complicating the matter, the record does not contain the RPC 1.5 certification plaintiffs' counsel submitted to the court.  Finally, the court did not address the issues raised in defendant Darsi Beauchamp's certification and that submitted by her counsel, and specifically defendant's request for $2571.02 in fees and costs.

We accordingly vacate the fee award and remand the case to the trial court to make findings of fact and conclusions of law consistent with this opinion and Rule 1:7-4(a). To the extent we have not specifically addressed any of defendant's remaining arguments, we conclude they are without sufficient merit and do not warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Vacated and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION