# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1526-22

C.B.,

    Plaintiff-Appellant,

v.

K.S.,

    Defendant-Respondent.

_____

        Submitted December 12, 2023 – Decided December 29, 2023

        Before Judges Whipple and Enright.

        On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Middlesex County, Docket No. FV-12-0968-23.

        Destribats Campbell Staub & Schroth, LLC, attorneys for appellant (Raymond C. Staub, on the brief).

        Lawrence Law, attorneys for respondent (Daniel A. Burton, of counsel and on the brief).

PER CURIAM

Defendant K.S.[1] appeals from the December 13, 2022 final restraining order (FRO), entered against him and in favor of plaintiff C.B., under the Prevention of Domestic Violence Act, N.J.S.A. 2C:25-17 to -35. Because we conclude the record does not permit meaningful appellate review, we are constrained to vacate the FRO, reinstate the temporary restraining order (TRO), and remand for further proceedings.

I.

The parties briefly dated and lived together, but never married. They have a one-year-old child. On October 18, 2022, plaintiff sought and obtained a TRO, alleging that earlier that day defendant committed the predicate acts of harassment, N.J.S.A. 2C:33-4, and criminal mischief, N.J.S.A. 2C:17-3.

During the final hearing on December 13, the trial judge heard testimony from both parties. Plaintiff testified that on October 18, 2022, following an argument between the parties, defendant picked up their baby's bassinet and "slammed it down on the ground," causing it to break. According to plaintiff, defendant also "call[ed her] the [c]-word" before he left their home. Plaintiff produced a photograph of the damaged bassinet at trial.

---

[1] We use initials to protect the confidentiality of the parties. R. 1:38-3(d)(10).

Additionally, plaintiff described a recent history of domestic violence. She testified that between the months of May and October 2022, defendant: (1) damaged the parties' master bedroom and closet doors; (2) flipped over an ottoman with the parties' daughter in his arms, causing a leg on the ottoman to loosen; (3) broke a towel rack off the parties' bathroom wall; (4) threw a box of mail at plaintiff during an argument; and (5) called her a "bitch" and screamed at her to "shut the fuck up" during another argument. During the hearing, plaintiff produced additional photographs showing the damaged master bedroom doors, ottoman, and towel rack.

Defendant admitted "slam[ming the baby's bassinet] down against the ground" during the October 18, 2022 incident. He also conceded he called plaintiff "nasty names." However, he claimed he accidentally, rather than purposely, damaged the parties' master bedroom and closet doors, and bathroom towel rack. Defendant also denied throwing a box of mail at plaintiff and stated it was plaintiff who "flipped the [o]ttoman while [defendant] was sitting on the couch with [the parties'] daughter."

A-1526-22

At the conclusion of the trial, the judge granted plaintiff an FRO, finding defendant committed the predicate act of harassment.[2]  In explaining her decision, the judge cited N.J.S.A. 2C:33-4 and the definition of harassment under the statute.  She also credited plaintiff's testimony that defendant damaged the bassinet during the October 18 incident and "screamed in her face."  Further, the judge accepted plaintiff's testimony that defendant damaged "two different doors," an ottoman, and a towel rack in recent months, finding "plaintiff more credible than . . . defendant in that regard, particularly when it comes to the incident[] with regard to the towel rack."  She also stated she "did[ not] find [defendant's] testimony . . . [that plaintiff was] the one that flipped the ottoman w[hile he was] holding the child" credible.  Additionally, based on a photograph plaintiff produced of the master bedroom closet door, the judge rejected defendant's claim that he accidently damaged the door by shoving it.

Next, the judge acknowledged the parties did not use "the best of language with each other," and stated, "if that was the only allegation[,] . . . I would not be entering a[n FRO]."  However, she granted the FRO, concluding, "there can be no purpose to breaking things if . . . not to alarm or annoy another person."

---

[2]  The judge did not address plaintiff's allegation that defendant also committed criminal mischief during the October 18, 2022 incident.

Finally, the judge stated there was a "prior history" of domestic violence between the parties which involved a "series of escalating incidents that . . . [was] concerning, and, therefore," she "w[ould] enter the restraining order."

## II.

On appeal, defendant argues: (1) "there [wa]s insufficient proof that [defendant] committed an act of domestic violence"; and (2) "the trial court failed to engage in [a] proper analysis regarding [plaintiff's] need for protection" before issuing the FRO. Because we agree with defendant's second argument, we are constrained to vacate the FRO, reinstate the TRO, and remand this matter to the trial court for amplified findings of fact and conclusions of law, consistent with the two-step analysis set forth in Silver v. Silver, 387 N.J. Super. 112 (App. Div. 2006). We add the following comments.

Our review of an FRO issued after a bench trial is limited. C.C. v. J.A.H., 463 N.J. Super. 419, 428 (App. Div. 2020). Findings by a trial court are generally binding on appeal, provided they are "supported by adequate, substantial, credible evidence." Cesare v. Cesare, 154 N.J. 394, 411-12 (1998) (quoting Rova Farms Resort, Inc. v. Invs. Ins. Co. of Am., 65 N.J. 474, 484 (1974)); see also Thieme v. Aucoin-Thieme, 227 N.J. 269, 283 (2016). An appellate court should defer to the trial court's findings unless those findings

appear "so manifestly unsupported by or inconsistent with the competent, relevant[,] and reasonably credible evidence as to offend the interests of justice." Cesare, 154 N.J. at 412 (quoting Rova Farms, 65 N.J. at 484).

"Appellate courts accord particular deference to the Family Part because of its 'special jurisdiction and expertise' in family matters." Harte v. Hand, 433 N.J. Super. 457, 461 (App. Div. 2013) (quoting Cesare, 154 N.J. at 412). However, "all legal issues are reviewed de novo." Ricci v. Ricci, 448 N.J. Super. 546, 565 (App. Div. 2017) (citing Reese v. Weis, 430 N.J. Super. 552, 568 (App. Div. 2013)).

Pursuant to Rule 1:7-4(a), a trial court must "find the facts and state its conclusions of law thereon in all actions tried without a jury." As our Supreme Court stated in R.M. v. Supreme Court of New Jersey, 190 N.J. 1, 12 (2007), factual findings are "fundamental to the fairness of the proceedings and serve[] as a necessary predicate to meaningful review." "Meaningful appellate review is inhibited unless the judge sets forth the reasons for his or her opinion." Strahan v. Strahan, 402 N.J. Super. 298, 310 (App. Div. 2008) (quoting Salch v. Salch, 240 N.J. Super. 441, 443 (App. Div. 1990)).

When considering whether the entry of an FRO is appropriate, a trial court must engage in a two-step inquiry. Silver, 387 N.J. Super. at 125. First, the

court "must determine whether the plaintiff has proven, by a preponderance of the credible evidence, that one or more of the predicate acts set forth in N.J.S.A. 2C:25-19[(a)] has occurred." Ibid. The trial court should make this determination "in light of the previous history of violence between the parties." Ibid. (quoting Cesare, 154 N.J. at 402). Secondly, the court must determine "whether a restraining order is necessary, upon an evaluation of the factors set forth in N.J.S.A. 2C:25-29[(a)](1) to -29[(a)](6), to protect the victim from an immediate danger or to prevent further abuse." Id. at 127 (citing N.J.S.A. 2C:25-29(b) which states, "[i]n proceedings in which complaints for restraining orders have been filed, the court shall grant any relief necessary to prevent further abuse"); see also J.D. v. M.D.F., 207 N.J. 458, 476 (2011) ("[C]ourts must be careful not to overlook the statutory requirement that there be a finding that 'relief is necessary to prevent further abuse.'") (quoting N.J.S.A. 2C:25-29(b)). Among the factors a judge should consider under the second Silver prong is "[t]he previous history of domestic violence between the plaintiff and defendant, including threats, harassment and physical abuse." N.J.S.A. 2C:25-29(a)(1).

Mindful of these standards, we are satisfied the judge's incomplete analysis under the second Silver prong precludes our ability to meaningfully review the December 13, 2022 FRO. Although the judge made sufficient

7

credibility findings regarding the parties' testimony, and she specifically addressed the definition of harassment under N.J.S.A. 2C:33-4 before concluding defendant harassed plaintiff on October 18, 2022 because "there can be no purpose to breaking things if . . . not to alarm or annoy another person," the judge failed to sufficiently articulate her factual findings and conclusions of law under the second Silver prong. Instead, she made a general finding that there was a prior history of domestic violence between the parties and the "series of escalating incidents" plaintiff described were "concerning." The judge made no findings as to whether restraints were necessary "to protect the victim from an immediate danger or to prevent further abuse." Silver, 387 N.J. Super. at 127. Moreover, she made no findings regarding the factors under N.J.S.A. 2C:25-29(a), such as "[t]he existence of immediate danger to person or property" or "[t]he best interests of the victim and any child," N.J.S.A. 2C:25-29(a)(2) and (4), notwithstanding the facts elicited during the final hearing.

In sum, although the record may contain sufficient evidence to sustain the entry of an FRO, the court's findings are insufficient for effective appellate review. Accordingly, we are constrained to vacate the FRO, reinstate the TRO, and remand the matter to the Family Part judge to develop a more complete record.

A-1526-22

Vacated and remanded. The TRO shall remain in place until the remand is completed. We direct the remand hearing to be completed within fifteen days. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1526-22